**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:26-CV-59 (WLS) |
| | : | |
| LOWNDES COUNTY SCHOOL | : | |
| DISTRICT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Jane Doe moves for a protective order and leave to proceed under a pseudonym for purposes of the instant lawsuit. (Doc. 2) ("Motion"). After careful review, Doe's Motion is **GRANTED**.

Doe was a high school student at Lowndes County High School from August 2020 to June 2024. (Doc. 2 at 1). During that time, Defendant Luke Miller, a special education teacher and assistant coach for the girls' softball team, allegedly groomed Doe for sexual abuse. (*Id.*). It is further alleged that Miller "engaged in sexual intercourse with Plaintiff on numerous occasions" on and off school property, and "convinced Plaintiff to send topless and nude photos to him" using a smartphone app. (Doc. 1 ¶¶ 29-30). According to Plaintiff, after the discovery of Miller's abuse and his subsequent termination, "Plaintiff's identity as a victim was disclosed by [school] administrators" which "ruined her reputation . . . [and] forced [her] to transfer colleges after freshman year." (Doc. 2 at 2). Due to the sensitive nature of the information involved in this case, Doe argues she should be allowed to proceed pseudonymously.

Federal Rule of Civil Procedure 10(a) requires every pleading in federal court to "name all the parties." This rule protects the public's legitimate interest in knowing all facts involved, including the identities of the parties. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180,

1

186 (5th Cir. 1981)). While the Eleventh Circuit sets out a three-factor test for granting motions to proceed pseudonymously, no one factor is "meant to be dispositive." *Id.* at 323. They are "merely . . . factors deserving consideration." *Id.* "A judge . . . should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* Valid factors for the Court's consideration also include "whether the plaintiffs were minors . . . whether they were threatened by violence or physical harm by proceeding in their own names . . . and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

The three factors, which Doe correctly identifies (Doc. 2 at 3), include circumstances where "(1) plaintiffs challenged governmental activity; (2) plaintiffs required to disclose information of the utmost intimacy; and (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe v. Frank*, 951 F.2d at 323 (citing *Stegall*, 653 F.2d at 185). Plaintiff focuses on the second factor.

Doe argues the facts of the case will require her to reveal "sensitive and highly personal information" in the course of the lawsuit. (Doc. 2 at 4). Indeed, the facts alleged indicate that descriptions of underage sex and the sharing of nude photos may be revealed. The Eleventh Circuit has noted that where a case involved "descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities" the issues involved "could not be of a more sensitive and highly personal nature." *Plaintiff B v. Francis*, 631 F.3d 1310, 1317 (11th Cir. 2011). This case involves alleged facts of this exact kind, if not more sensitive: Doe was allegedly coerced into sex while she was a minor and sent images, more than mere descriptions, of herself in various states of nudity.  This factor alone justifies permission to proceed pseudonymously.

Doe also argues the applicability of another factor identified by the Eleventh Circuit: cases where the plaintiff may expect "extensive harassment" if her identity is disclosed. (Doc. 2 at 5). Indeed, Plaintiff "has already suffered humiliation and substantial psychological and physical abuse" as a result of Miller's alleged sexual abuse. (*Id.*). According to Plaintiff, the disclosure of her identity forced her to transfer colleges after freshman year and her status as a victim of sexual abuse raises the specter of "threats of retaliation" in light of the special status

2

of child victims of abuse. (Doc. 2 at 5-6) (quoting *Stegall*, 653 F.2d at 186). The disclosure of Doe's identity poses a real threat of extensive harassment.

Doe argues the public interest in her identity is weak. (Doc. 2 at 7). She identifies no public interest in her identity and the Court finds none. "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Stegall*, 653 F.2d at 185. The public interest in this case centers on the potential accountability or responsibility of the State for the sexual abuse of a minor by a teacher while at school. The identity of the victim is not necessary to advance that interest. The desire to know the name and identity of a victim of childhood sexual abuse is effectively purely prurient and therefore undeserving of the Court's protection.

For good cause, Plaintiff's Motion for Protective Order and Leave to Proceed Under a Pseudonym (Doc. 2) is **GRANTED**. Plaintiff may proceed under the pseudonym "Jane Doe" for the purposes of the instant lawsuit.

**SO ORDERED**, this 13th day of March 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
